[No. G011188. Fourth Dist., Div. Three. June 29, 1992.]

Estate of HAZEL MARIE CORCORAN, Deceased.
LILY PAPACEK, Petitioner and Appellant, v.
THOMAS GAUGHAN, Claimant and Respondent.

**COUNSEL**

Geller & Senter, Erika W. Senter and Norbert R. Bunt for Petitioner and Appellant.

Michael J. Peltin and Bernard Grossman for Claimant and Respondent.

## OPINION

**SILLS, P. J.**—It is widely known that "where there is a will, there is a way." The laws of intestate succession, however, provide us a way even where there is no will. This appeal requires us to chart our "way," and presents an issue of first impression: Is a half sibling a "natural brother or sister" under Probate Code former section 6408.5, subdivision (c) (now § 6408, subd. (d))? If so, respondent Thomas Gaughan, the half brother of the decedent, along with the children of the decedent's half sister, is entitled to the estate of the decedent; if not, appellant Lily Papacek and nine other maternal cousins of decedent are the next in succession. The trial court held that the term "natural brother or sister" includes half siblings. We agree with the trial court, and affirm.

### FACTS

The facts are not in dispute and can be easily summarized. The decedent, Hazel Marie Corcoran, died on July 30, 1989, and has no surviving spouse, parents, or children. She also left no valid will.[1] Hazel was born out of wedlock to Merle Campbell and Michael Gaughan in 1922. There was no evidence presented that Michael Gaughan ever acknowledged Hazel as his daughter. Hazel was raised by her mother, who died in 1982. Hazel's father married another woman in 1931 and had two children, Monica Gaughan and respondent Thomas Gaughan.

### DISCUSSION

Probate Code section 6408,[2] one of the laws of intestate succession, concerns the definition of a "parent and child relationship." Subdivision (d) of that statute (formerly § 6408.5, subd. (c)) provides as follows: "If a child is born out of wedlock, neither a parent nor a relative of a parent (except for the issue of the child *or a natural brother or sister of the child or the issue of that brother or sister*) inherits from or through the child on the basis of the relationship of parent and child between that parent and child unless both of the following requirements are satisfied: [¶] (1) The parent or a relative of the parent acknowledged the child. [¶] (2) The parent or a relative of the parent contributed to the support or the care of the child." (Italics added.) Essentially, the statute prohibits inheritance by or through a parent of a child born out of wedlock if that parent does not acknowledge or support the child, except for "natural" brothers and sisters.

---

[1] There was evidence that the decedent attempted to draw up a will, but it was improperly executed and never admitted to probate.

[2] All statutory references are to the Probate Code unless otherwise specified.

In this case, if decedent's half brother is considered a "natural brother" under the statute, it is an exception to the statutory rule that the parent must acknowledge and support the child in order to qualify as an heir. Since Hazel's father neither acknowledged nor supported her, Thomas Gaughan (along with his sister's children) can only take under the laws of intestate succession if they come within the ambit of the statutory exception. The question, reduced to its simplest form, is this: Is a half brother a natural brother?

■ For at least two reasons, we think a half sibling is a "natural brother or sister" under the statute. First of all, section 6406 states the general rule: "Relatives of the halfblood inherit the same share they would inherit if they were of the whole blood." As far as is relevant here, this has been the rule in California since 1931. (See Historical and Statutory Notes, 52 West's Ann. Prob. Code (1991 ed.) § 254, p. 168.) We find no language in section 6408, subdivision (d) which expresses any intent to override this general rule.

Second, it is clear that the Legislature knows how to specifically exempt half siblings from intestate succession. Subdivision (c) of section 6408 provides that a relative of an adoptive parent does not inherit from the adoptive child except for "a *wholeblood* brother or sister of the child . . . ." (Italics added.) Since the Legislature used the term "wholeblood" in subdivision (c) of the statute but not in subdivision (d), we would be hard pressed to conclude that the omission of the term in subdivision (d) was inadvertent.[3]

Appellant's attempt to evade the clear language of the statute is unavailing. Under her theory, Michael Gaughan was never the decedent's father because he neither acknowledged his daughter nor supported her, and therefore any descendants of Michael are likewise unworthy to inherit. Appellant's argument ignores the plain meaning of the statute, which provides an exception to the usual rule that the parent of a child born out of wedlock must acknowledge and support the child. The exception is where the child has brothers or sisters, *regardless of the conduct of the parent*. Here, it is irrelevant that Michael Gaughan never acknowledged the decedent, since the decedent had a "natural brother and sister" under the Probate Code.[4]

■ Appellant also argues that respondent cannot be decedent's half brother because a brother-sister relationship can only come about through a

---

[3]This conclusion is in accord with the trial court; in its minute order it stated: "The Court believes that in using the term natural child in Probate Code Section 6408, the legislature intended to differentiate between a child acquired by its parents by birth and an adoptive child, but did not intend to exclude siblings of the half blood."

[4]It is for this very same reason that appellant's reliance on *Estate of Sanders* (1992) 2 Cal.App.4th 462 [3 Cal.Rptr.2d 536] is misplaced. In *Sanders*, the court correctly ruled that a child born out of wedlock did not inherit from the deceased putative father, in part because

preexisting "legal" parent-child relationship, and Michael Gaughan was never decedent's "father." If we accepted appellant's argument, however, it would result in an analytical labyrinth from which there is no escape. The brother-sister relationship would always be dependent upon the existence of the parent-child relationship as defined by the remainder of section 6408, subdivision (d), thus reading the exception for natural brothers and sisters right out of the statute. Under the facts of this case, with an undisputed biological father and no competing "presumed father" under Civil Code section 7004, the biological connection alone is sufficient to establish the brother-sister relationship.

## DISPOSITION

The judgment determining heirship and entitlement to the estate is affirmed.

Moore, J., and Sonenshine, J., concurred.

A petition for a rehearing was denied July 20, 1992, and appellant's petition for review by the Supreme Court was denied September 24, 1992.

---

that father did not acknowledge or support the child. (*Id.* at p. 471.) There is no dispute in the present case that Hazel's father never acknowledged her, but that is irrelevant under section 6408, subdivision (d), because Hazel has natural siblings.